**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6927**

FREDDIE EUGENE CASEY,

        Plaintiff - Appellant,

    v.

JACK S. HURLEY; MICHAEL L. DENNIS, Commonwealth Attorney;
DENNIS H. LEE, Commonwealth Attorney; HAROLD W. CLARKE,
Director Virginia Department of Corrections,

        Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  James P. Jones, District
Judge. (7:15-cv-00674-JPJ-RSB)

Submitted:  November 22, 2016    Decided:  December 9, 2016

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Freddie Eugene Casey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Eugene Casey, a Virginia prisoner serving a life sentence for murder, appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2012) action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) (2012). We affirm.

Casey claimed that his due process rights were violated because a Virginia state court denied his postconviction motions, made pursuant to Va. Code Ann. § 19.2-327.1 (2015), for DNA testing of certain evidentiary items. According to Casey, he has a due process right to have DNA testing of evidence because the results may show he is actually innocent of the murder. This claim is without merit.

We review de novo a district court's dismissal under § 1915A(b)(1), applying the same standards as those for reviewing a Fed. R. Civ. P. 12(b)(6) dismissal. De'Lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks omitted).

First, there is no substantive due process right to the postconviction preservation and testing of DNA evidence. Dist. Att'y's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 72 (2009); see also Skinner v. Switzer, 562 U.S. 521, 525

2

(2011).    Second,  with  respect  to  the  claimed  violation  of procedural  due  process,  we  note  that  Casey  did  not  claim  that § 19.2-327.1 is itself invalid or that the state court construed the statute in such a way as to deny him procedural due process. Rather,  at  best,  he  appeared  to  claim  that,  after  the  state court denied his requests for DNA testing, the district court had the authority to order that evidence be preserved and DNA tests  be  performed.    As  noted,  Casey  has  no  substantive  due process right to the relief he seeks.    To the extent Casey seeks review  of  the  state  court's  adverse  decisions,  the  district court  lacked  jurisdiction  to  conduct  such  a  review  under  the Rooker-Feldman  doctrine.*    See  Skinner,  562  U.S.  at  531-32;  see also  Exxon  Mobil  Corp.  v.  Saudi  Basic  Indus.  Corp.,  544  U.S. 280, 284 (2005).

We  therefore  affirm  the  district  court's  order.    We dispense  with  oral  argument  because  the  facts  and  legal  issues are  adequately  presented  in  the  materials  before  this  court  and argument would not aid the decisional process.

AFFIRMED

---

*D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).